**Haas v. Mateer**

30

*Michael S. Bloom,* for plaintiffs.
*Donna L. Rae* and *Mary E. Dixon,* for defendants.

KISTLER, *J.,* May 1, 2007—Presently before this court is the motion for summary judgment filed by Dr. John E. Mateer et al (defendants). For the reasons set forth below, this court denies the defendants' motion.

## BACKGROUND

Martha J. Sealy, the decedent, was murdered on June 12, 2003, by her husband, Robert G. Sealy. On behalf of her estate, Mrs. Sealy's adult children initiated this medical malpractice action against Dr. John E. Mateer based on his alleged mismanagement of Mr. Sealy's Parkinson's disease medication. Plaintiffs contend that Dr. Mateer overmedicated their father with Mirapex, causing him to kill his wife. Dr. Mateer, a neurologist, was Mr. Sealy's treating physician for approximately 17 years. The action also includes a claim for vicarious liability against Geisinger Medical Group.

Plaintiffs contend that the prescription drug, Mirapex, was responsible for the behavioral changes in Mr. Sealy. The expert report of Enrico Fazzini D.O., explains that an increased dosage of Mirapex may cause "aberrant behavior." He opines that this particular behavior was exhibited by Mr. Sealy, and, ultimately, was the reason Mr. Sealy murdered his wife.

Defendants disagree and deny that the prescribed medication caused any such "aberrant behavior." Defendants argue that Mrs. Sealy remained in a well-documented abusive relationship with Mr. Sealy at her own risk, which ended in her tragic death. Based on this premise, defendants have moved for summary judgment and request that this court dismiss all counts against them.

## DISCUSSION

Set forth below is the well-established standard upon which a motion for summary judgment is governed in Pennsylvania:

"Pennsylvania law provides that summary judgment may be granted only in those cases in which the record clearly shows that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. The moving party has the burden of proving that no genuine issues of material fact exist. In determining whether to grant summary judgment, the trial court must view the record in the light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Thus, summary judgment is proper only when the uncontroversial allegations in the

pleadings, depositions, answers to interrogatories, admissions of record and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. In sum, only when the facts are so clear that reasonable minds cannot differ, may a trial court properly enter summary judgment." *Barnish v. KWI Building Company,* 916 A.2d 642, 645 (Pa. Super. 2007).

Defendants present four arguments for the granting of summary judgment of this case, dealing with the following topics: (1) lack of duty, (2) assumption of the risk, (3) proximate cause, and (4) *Frye.* The court will address each issue separately and in the order presented above.

## I. *Lack of Duty*

In their brief, defendants rely heavily on the reasoning set forth in *Leonard v. Latrobe Area Hospital,* 425 Pa. Super. 540, 625 A.2d 1228 (1993), to argue the nonexistence of duty between Dr. Mateer and Mrs. Sealy. As a result, the court has evaluated the case and now determines that the law set forth in *Leonard* is not dispositive of the issue presented here.

In *Leonard,* the doctors were made aware, through the plaintiffs, that decedent's husband had been threatening and abusive in the past. *Id.* at 542, 625 A.2d at 1229. Two months after his release from the psychiatric unit, the husband shot and killed his wife. *Id.* The plaintiffs brought suit against the treating psychiatrist, Dr. George E. Mamo, and Latrobe Hospital for failing to warn the decedent of her husband's dangerous propensities. *Id.* However, the husband never told Dr. Mamo of his intention to kill his wife. Accordingly, upon a motion for

summary judgment, the trial court dismissed the case because Pennsylvania courts have refused to impose on a doctor the "duty to warn" a third party of the patient's violent tendencies unless the patient has made it known to his doctor that he wishes to harm a specific or readily identifiable person. *Id.* at 543-44, 625 A.2d at 1231-32. The Superior Court affirmed the lower court's decision. *Id.* at 543, 625 A.2d at 1232.

Here, plaintiffs made it clear during oral arguments and in their brief that this case is not a "duty to warn" case, and the "duty to warn" has never been the basis of their cause of action. See plaintiffs' brief in opposition to defendants' motion for summary judgment, pp. 5-6. The basis of this claim is that defendant, Dr. Mateer, mismanaged the treatment of the patient by prescribing a far higher dosage than that recommended by the manufacturer and the PDR. As a result, the patient exhibited "aberrant behavior" in the form of aggression and subsequently killed his wife. Thus, *Leonard* does not apply because this is not a "duty to warn" situation, and it would be unfounded to dismiss the present case based on inapplicable law.

However, the court finds that a "duty" may exist between Dr. Mateer and Mrs. Sealy. The appellate courts have used the Restatement (Second) of Torts, §324A, to find the existence of a duty to third parties in contagious disease cases. See *DiMarco v. Lynch Homes—Chester County Inc.,* 525 Pa. 558, 583 A.2d 422 (1990). This court finds the same section useful with the facts presented here. The only difference is that this court relies on subsection (a) of section 324A, rather than subsection (c), which is relied upon for the contagious disease litigation. Section 324A reads as follows:

"Section 324A. Liability to third person for negligent performance of undertaking.

"One who undertakes, gratuitously or for consideration, to render services to another which *he should recognize as necessary for the protection of a third person* or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

"(a) his failure to exercise reasonable care increases the risk of such harm, or

"(b) he has undertaken to perform a duty owed by the other to the third person, or

"(c) the harm is suffered because of reliance of the other or the third person upon the undertaking." Restatement (Second) of Torts, §324A. (emphasis added)

In this case, there exists a question of material fact as to whether Dr. Mateer prescribed medicine to Mr. Sealy, which Dr. Mateer "should recognize as necessary for the protection of a third person." There is evidence in plaintiffs' expert report, submitted by Dr. Enrico Fazzini, that Dr. Mateer should have recognized Mr. Sealy's aberrant behavior. Further, the evidence suggests that, since Dr. Mateer did not recognize the symptoms, the upward adjustments in Mr. Sealy's dosage increased the risk of harm to Mrs. Sealy.

Accordingly, this court finds that Dr. Mateer may have owed a duty to Mrs. Sealy based on the section set forth above. Because reasonable minds may differ regarding the existence of a duty, this court must deny defendants' motion and leave this determination for the jury.

## II. *Assumption of the Risk*

Defendants argue that summary judgment should be granted because Mrs. Sealy voluntarily assumed the risk of harm by living with her abusive husband. As such, Dr. Mateer "owed no duty to protect her from the risk which she voluntarily chose to encounter." See defendants' brief in support of the motion for summary judgment, p. 34.

"The question of whether the plaintiff has assumed the risk of his injuries should not be decided as a matter of law except where it is beyond question that the plaintiff voluntarily and knowingly proceeded in the face of an obvious and dangerous condition and thereby must be viewed as relieving the defendant of responsibility for his injuries." *Long v. Norriton Hydraulics Inc.*, 443 Pa. Super. 532, 536, 662 A.2d 1089, 1091 (1995).

Here, defendants contend that the decedent was aware of her husband's abusive tendencies and remained in the marital home in spite of these dangerous conditions. As stated above, this court may only decide this question as a matter of law if it is "beyond question" that decedent "voluntarily and knowingly proceeded in the face of an obvious and dangerous condition"; otherwise, the decision remains for the jury to make as the finders of fact.

Although anecdotal evidence of abuse has been presented through the depositions of Mrs. Sealy's children and in the notes of Dr. Mateer, this court does not find "beyond question" that Mrs. Sealy "voluntarily and knowingly" proceeded in the face of obvious danger. As such, defendants' motion is denied because this issue is within the province of jury and should not be determined as a matter of law.

## III. *Proximate Cause*

Defendants argue that summary judgment is warranted because Dr. Mateer's alleged negligence is too remote from the harm suffered to constitute proximate cause as a matter of law. See defendants' brief in support of the motion for summary judgment, p. 37.

"Proximate cause is a term of art denoting the point at which legal responsibility attaches for the harm to another arising out of some act of defendant, . . . and it may be established by evidence that the defendant's negligent act or failure to act was a substantial factor in bringing about the plaintiff's harm." *Little v. York County Earned Income Tax Bureau,* 333 Pa. Super. 8, 15-16, 481 A.2d 1194, 1198 (1984). (internal citations omitted) "Whether in a particular case that standard has been met with respect to the element of causation is normally a question of fact for the jury; the question is to be removed from the jury's consideration only where it is clear that reasonable minds could not differ on the issue." *Id.* at 16, 481 A.2d at 1198.

In this case, defendants argue that the lapse of time between the increased dosage and the murder of Mrs. Sealy breaks the chain of causation. Although a long period of time elapsed between these two occurrences, it is not for this court to make the determination of proximate cause. This is a question of fact for the jury to decide upon hearing the evidence at trial. Reasonable minds could differ as to whether "aberrant behavior" develops over time with an increased dosage of medication, and, as such, defendants' motion must be denied.

## IV. Frye

Finally, defendants contend that Dr. Enrico Fazzini's testimony will contain "novel scientific evidence," and, as such, it should be analyzed under the *Frye* test.

"*Frye* only applies when a party seeks to introduce *novel* scientific evidence." *Trach v. Fellin,* 817 A.2d 1102, 1109 (Pa. Super. 2003). (emphasis in original) "Thus, *Frye* does not apply every time science enters the courtroom." *Id.*

In this case, the court is not convinced that Dr. Fazzini's anticipated testimony falls under "novel" scientific evidence. Behavioral changes resulting from increased dosage of a prescription drug is far from "novel." Furthermore, the side effects and warnings listed in the PDR indicate a change in behavior may result from the use of Mirapex. See plaintiffs' exhibit F.

The court notes that defendants may present their own expert testimony to rebut Dr. Fazzini's theory that Mr. Sealy was under a "Mirapex induced psychosis" at the time he killed his wife. See defendants' exhibit T.

Accordingly, defendants' motion is denied with regard to their *Frye* challenge to the anticipated expert testimony of Enrico Fazzini D.O.

## ORDER

And now, May 1, 2007, defendants' motion for summary judgment is hereby denied.